```
                                    FILED
                          CLERK, U.S. DISTRICT COURT

                            SEP 29 2011

                       CENTRAL DISTRICT OF CALIFORNIA
                       BY                      DEPUTY
```

O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| PETER M. BERGNE,<br><br>        Petitioner,<br><br>        v.<br><br>TERRI GONZALEZ, Warden,<br><br>        Respondent. | Case No. CV 11-5223-CAS (MLG)<br><br>ORDER DENYING CERTIFICATE OF<br>APPEALABILITY |

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts was amended to require the district court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the petitioner. Because jurists of reason would not find it debatable whether this Court was correct in its ruling dismissing the petition as successive under 28 U.S.C. § 2244(b)(3)(A), a COA is denied.

Before Petitioner may appeal the Court's decision dismissing his petition, a COA must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The Court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App.

1   P. 22(b).

2        The court determines whether to issue or deny a COA pursuant to

3   standards established in *Miller-El v. Cockrell*, 537 U.S. 322 (2003);

4   *Slack v. McDaniel*, 529 U.S. 473 (2000); and 28 U.S.C. § 2253(c).

5   Ordinarily, a COA may be issued only where the petitioner has made

6   a "substantial showing of the denial of a constitutional right." 28

7   U.S.C. § 2253 (c)(2); *Miller-El*, 537 U.S. at 330. Where, as here, the

8   district court denies a habeas petition on procedural grounds,

9   without reaching the prisoner's underlying constitutional claim, a

10  COA should issue when the prisoner shows, at least, that jurists of

11  reason would find it debatable whether the petition states a valid

12  claim of the denial of a constitutional right and that jurists of

13  reason would find it debatable whether the district court was correct

14  in its procedural ruling. *Slack*, 529 U.S. at 484, *See also Miller-*

15  *El,* 537 U.S. at 338.

16        In *Silva v. Woodford*, 279 F.3d 825, 832-33 (9th Cir. 2002), the

17  court noted that this amounts to a "modest standard". (Quoting

18  *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000)). Indeed,

19  the standard for granting a COA has been characterized as

20  "relatively low". *Beardlee v. Brown*, 393 F.3d 899, 901 (9th Cir.

21  2004). A COA should issue when the claims presented are "adequate

22  to deserve encouragement to proceed further." *Slack,* 529 U.S. at

23  483-84, (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)); *see*

24  *also Silva,* 279 F.3d at 833. If reasonable jurists could "debate"

25  whether the petition could be resolved in a different manner, then

26  the COA should issue. *Miller-El,* 537 U.S. at 330.

27        Under this standard of review, a COA will be denied. In

28  dismissing this petition for writ of habeas corpus, this Court found

1  that the petition was challenging the same conviction and sentence
2  which was the subject of an earlier petition that was denied on the
3  merits. Petitioner cannot make a colorable claim that jurists of
4  reason would find debatable or wrong the decision dismissing the
5  petition for being a successive petition. Thus, petitioner is not
6  entitled to a COA.

7  Therefore, pursuant to 28 U.S.C. § 2253, the Court DENIES a
8  certificate of appealability.

9
10  Dated: September 26, 2011
11
12                                          *Christina A. Snyder*
13                                          Christina A. Snyder
                                            United States District Judge
14
15
16  Presented By:
17
18
    Marc L. Goldman
19  United States Magistrate Judge
20
21
22
23
24
25
26
27
28

3